Filed 3/13/25  P. v. Davis CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>FELONY ANN DAVIS<br><br>        Defendant and Appellant. | A171625<br><br>(Del Norte County<br>Super. Ct. No. CF249201) |

Defendant Felony Ann Davis appeals from a judgment entered after she pled no contest to driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a)) and possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), both felonies.  Defendant's court-appointed counsel has filed a brief asking this court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Davis was informed of her right to file a supplemental brief, but she did not do so.  We have reviewed counsel's brief and have independently reviewed the record.  We find no errors or other issues requiring further briefing.  Accordingly, we affirm.

On July 8, 2024, a criminal complaint was filed against Davis alleging the two felonies described above, alleged to have occurred on July 3.  Davis appeared in custody and entered not guilty pleas.  A preliminary hearing was scheduled for July 30 and later continued to August 6.  At the preliminary

1

hearing readiness conference on August 5, the case was put over for change of plea the following day.

On August 6, Davis pleaded no contest to the two felony counts. She completed a written felony "plea form with explanations and waivers of rights" that advised her of her constitutional rights and the rights she was waiving; the form was signed by her counsel and eventually by the court after the court reviewed the form and orally examined defendant. The terms of the plea agreement included that she would receive a 16-month prison term for each count (the mitigated term), to be served concurrently, and that the plea agreement in this case would trigger a violation of probation in a misdemeanor case for which she was currently on probation. Any time imposed in connection with the misdemeanor case would run concurrent with the new sentence, and the misdemeanor probation would be terminated.

Davis's counsel stated that he had met with his client, they reviewed the plea form together, he watched her initial each box on the multi-page plea form after he explained it to her, and he answered any questions she may have had. He told the court that he joined in the plea and her waiver of rights.

The district attorney indicated that the victim (identified by name in count 1 of the complaint as the owner of the specific Jeep Cherokee vehicle that was taken) was present in the courtroom. The court invited the victim, Caralee Moreno, to speak. She stated she was a retired correctional officer and had dealt with people and "had a lot of things happen. But I really have to say that that kind of knocked me off my stand, having somebody be so blatant and so inconsiderate and think that they can just take your property and go running around and trash it and do whatever they were doing . . . ." She stated that "when you actually see somebody driving off with your car for

a second time, it's pretty nerve wracking, especially when I took the precautions of getting my car supposedly reprogrammed. Well, apparently, the locksmith wasn't as truthful as he should have been." She indicated that she appreciated "everything that CHP did. . . . I dealt with the police department and the sheriffs and everybody. The second time was unbelievable. So they were really on an effort to try and locate my car. And I appreciate that from them."

The district attorney then recited a factual basis for the plea: "[O]n July 3rd of 2024, the defendant was driving the victim Ms. Moreno's Jeep Grand Cherokee without consent of Ms. Moreno. That vehicle had been previously stolen from Ms. Moreno's residence. That Jeep Grand Cherokee at the time of the theft was valued at more than $950. The victim valued it at $10,000. It happened here in Del Norte County. [¶] But while the defendant was driving that stolen Jeep Grand Cherokee, she was in possession of a handgun. She was not allowed to be in possession of a handgun because she is a convicted felon. She has been convicted of second-degree burglary, a violation of Penal Code Section 459, earlier this year in Humboldt County. And that conviction occurred before this offense." Defense counsel said he had nothing to add or correct to that statement for purposes of the plea.[1]

The court reviewed the change of plea form, questioned defendant, and found defendant knowingly, voluntarily, and intelligently waived her rights, including her right to a preliminary hearing. The court accepted Davis's pleas of no contest to the two felony charges. The court found a factual basis

---

[1] On the plea form, in the paragraph regarding factual basis for the plea, the defendant initialed that she "underst[ood] that the court may consider the following as proof of the factual basis for my plea:" and specified "[s]tatement made in in open court."

for the pleas. For purposes of the plea, the complaint was deemed the information.

Defendant was sentenced on August 29. The parties stipulated to restitution in the amount of $1,580, which included changing locks and new key fobs for the victim's vehicle, among other things. The court sentenced Davis in accordance with the plea agreement. The court found Davis had a total of 116 days of credit for time served (58 days actual, 58 days conduct). The court imposed the minimum state fines, to which there was no objection. On the misdemeanor grant of probation, the court terminated probation as unsuccessful and sentenced Davis to 116 days, with credit for time served (58 days actual, 58 days conduct).

## DISCUSSION

We have reviewed the record on appeal for any arguable issues.

Davis was sentenced after no contest pleas, and she has not obtained a certificate of probable cause. Her appeal was timely filed. Any issues as to the validity of her plea are not before us. (Pen. Code, § 1237.5.) Before entering her no contest pleas, defendant was advised of her rights, and there is no indication she did not understand her rights, including the rights she was waiving. The court found defendant had knowingly, voluntarily, and intelligently waived her rights and her plea was voluntary.

The sentence imposed appears to be authorized by law, including the fines and fees.

Based on our review of the record before us, defendant was represented by competent counsel who acted to protect her rights and interests.

We conclude there are no arguable issues within the meaning of *People v. Wende, supra*, 25 Cal.3d 436.

The judgment is affirmed.

4

_____
Miller, J.

WE CONCUR:


_____
Stewart, P. J.


_____
Desautels, J.


A171625, *People v. Davis*